UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

CLINTWOOD JOD, LLC, *et al.*[1]

DEBTORS

CASE NO. 26-60438
CHAPTER 11

*(JOINT ADMINISTRATION REQUESTED)*

---

**DEBTORS' EXPEDITED MOTION FOR ORDER (A) AUTHORIZING DEBTOR
TO PAY PREPETITION WAGES, SALARIES, BENEFITS AND RELATED ITEMS;
AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR
AND PROCESS TRANSFERS RELATED TO SAID OBLIGATIONS**

---

Clintwood JOD, LLC and JOD Mineral Properties, LLC, debtors and debtors in possession (collectively, the "Debtors"), by counsel, hereby move the Court for an Order pursuant to 11 U.S.C. §§ 105, 363, and 507 that authorizes and directs: (a) Debtor Clintwood JOD, LLC ("Clintwood") to (1) pay prepetition employee wages, salaries, and benefits and (2) pay all costs incident to the foregoing payments, including but not limited to payroll-related taxes; and (b) Debtor Clintwood's banks to honor checks or electronic/ACH transfers covering the above-described payments that have been issued, but that may not have been presented for payment, may not have yet cleared through the banking system, or may have been denied for whatever reason prior to the Petition Date; and to hear the motion on shortened notice.   In support hereof, the Debtors state as follows:

## JURISDICTION AND VENUE

1.      On March 22, 2026 (the "Petition Date"), Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases are Clintwood JOD, LLC and JOD Mineral Properties, LLC.

Code") and filed motions requesting joint administration of their bankruptcy cases, which request is pending.

2.     Debtors are operating their businesses as debtors and debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.     This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4.     The Debtors in these chapter 11 cases are Clintwood JOD, LLC and JOD Mineral Properties, LLC. Debtors are Delaware limited liability companies which maintain their principal place of business and business assets in Pike County, Kentucky. Accordingly, venue for these Chapter 11 cases is proper in this District under 28 U.S.C. § 1408 and 1409.

5.     No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

6.     The Debtors were formed in 2019 to acquire and operate substantial coal mining assets, many of which were previously the subject of a prior case before this Court, Cambrian Coal. JOD Holdings, LLC (a non-debtor) is the sole member of Clintwood JOD, LLC and JOD Mineral Properties, LLC. Debtor Clintwood JOD, LLC operates both surface and underground mining on leasehold interests located in Pike County, Kentucky and in surrounding areas in Wise and Buchanan Counties, Virginia.

7.     Clintwood, JOD, LLC handles all mining activities and owns or controls most operating assets, mining equipment, two wash plants, two load-outs, refuse impoundments, and permits. Through the coal leases held by JOD Mineral Properties, LLC, the Debtors have secured access to approximately 60 million recoverable tons of clean coal, primarily high volatile bituminous and some thermal coal.

8.     In June of 2025, the owner of JOD Holdings, LLC began negotiating a membership purchase agreement for the membership interests of JOD Holdings, LLC and its subsidiaries and began working through change of control issues. In September 2025, all the equity interests of JOD Holdings, LLC were acquired by Mine & Rail Corporation, a Delaware corporation. Mine & Rail Corporation has provided funding for the Debtors' operations since its acquisition.

9.     In February of 2026, Mine & Rail Corporation was named as a defendant in a legal action brought by Tacora Capital, LP in the United States District Court for the Eastern District of Kentucky, Case No. 6:26-cv-00086-KKC (the "Tacora Action"). The Debtors are not parties to the Tacora Action, however, the Tacora Action has had the indirect effect of eliminating financing for the Debtors' operations.

10.     Clintwood JOD, LLC is also a party to a Master Coal Purchase and Sale Agreement with Square Resources US, LLC ("Square"), which issued a notice of default and force majeure shortly after initiation of the Tacora Action, further restricting the Debtors' revenues. To compound matters, Square issued a force majeure notice to the Debtors' customers. In addition, the price of coal is historically cyclical, with the price currently at the low end of the price range and the Debtors' overall sales have declined. The collective impact of these events is a severe liquidity problem and the Debtors idled a significant portion of their mining activities. This has led to the layoff of approximately 100% of its hourly employees, although security and maintenance continues. Additionally, the Debtors are concerned they may lose certain rights under leases and insurance contracts without the protection of the automatic stay.

11.     Debtors are seeking to preserve the going-concern value of their business and have arranged for debtor-in-possession financing while they pursue a sale of assets as a going-

concern, and require the protection and benefits provided by the Chapter 11 process to accomplish this goal.

### RELIEF REQUESTED

12.   As of the Petition Date, Debtor Clintwood currently employs approximately 56 individuals (the "Employees").  The Employees are paid biweekly and on a salaried basis.

13.   In order to continue as a going concern and preserve value for all creditors, Clintwood must honor its obligations to the Employees. A failure to pay accrued Employee wages, salaries, benefits, and taxes or a delay in payment would have a significant negative impact on Employee morale. Without the Clintwood's experienced Employees, the Debtors would be at a serious disadvantage with respect to a successful chapter 11 process.

14.   The Debtors believe that without the relief requested the Employees would be faced with tremendous hardship. The Employees could not reasonably be expected to continue their employment and assist with the reorganization efforts while at the same time enduring financial difficulties.

15.   The Debtors believe that the requested relief will enable the Debtors to maintain their current level of operations without interruption and, at the same time, maintain Employee morale. The Employees are vital to any sale and restructuring efforts and to maintaining the current level of operations. Without the relief requested, Debtors' ability to maximize value will be thwarted.

16.   Chapter 11 is designed to afford honest debtors the opportunity to reorganize and give them a "fresh start."  Unless the relief requested herein is granted, the Debtors might be deprived of that opportunity.  For the reasons stated herein, the Debtors believe this Court has ample justification to grant the relief requested in the Motion and that payment of prepetition wages, benefits and taxes is a common and routine practice.

**A.**     **Prepetition Wages and Compensation**

17.     Clintwood's next payroll date is April 3, 2026 (the "April 3rd Payroll") and will compensate Employees for work performed from March 15, 2026 through March 28, 2026, thus including a portion of prepetition wages, benefits and taxes.  The approximate gross payroll totals approximately $280,000.[2]

18.     On the April 3rd payroll, the Debtors also remain obligated to pay: (i) federal, state and local withholding taxes due on these prepetition wages and (ii) any sums designated by Employees for payment of health, dental and vision insurance, 401(k) retirement contributions, life insurance, and paid vacation/personal time. Accordingly, the Debtors seek authority for Clintwood to pay all current sums owed to the Employees for wages earned and including benefits and taxes prior to the Petition Date.

19.     Upon information and belief, the amount owed to each Employee for prepetition wages and benefits combined does not exceed the statutory priority amount of $17,150 pursuant to 11 U.S.C. § 507(a)(4) and (5).

**B.**     **Prepetition Withholding Taxes and other Withheld Amounts**

20.     The Debtors also respectfully request that it be permitted to deduct from and pay over all costs incident to its prepetition payroll related to payroll-related taxes.  As for the taxes withheld from the Employee checks to be delivered on the April 3rd Payroll, the Debtors respectfully request the authority to pay the entire amount owed to the appropriate taxing authority, including Clintwood's portion of such taxes. The amounts withheld from the Employees' checks are to be held in trust for the taxing authorities and are entitled to priority status pursuant to 11 U.S.C. §507(a)(8).

---

[2] The April 3rd Payroll includes payment to Insider Chris Adkins, CEO and Designated Representative of Debtors.

21.     The Debtors also deduct various amounts from certain Employee's compensation, including, but not limited to, health, dental and vision insurance, 401(k) retirement contributions, life insurance, and paid vacation/personal time. In these cases, Clintwood withholds the appropriate amount from each Employee's check (the "Withheld Amounts") and then remits these funds along with Clintwood's obligation (if any) to the appropriate party.

22.     The Debtors respectfully request the authority to pay the Withheld Amounts plus Clintwood's share for such expenditures pursuant to 11 U.S.C. § 507(a)(5).  The Debtors state that payment of the Withheld Amounts either do not exceed the statutory limit imposed by 11 U.S.C. § 507(a)(4) and (5) or do not implicate those provisions.  Debtors state that payment of the Withheld Amounts is necessary as part of their obligations as debtors in possession.

## BASIS FOR REQUESTED RELIEF

### A.     Employee wages, salaries, taxes and Withheld Amounts

23.     The payment of prepetition, employee-related obligations is supported by specific provisions of the Bankruptcy Code.  Most, if not all, of these obligations qualify for priority under 11 U.S.C. § 507(a)(4) and (a)(5).  Section 507(a)(4) grants a priority claim for:

> (4)     Fourth, allowed unsecured claims, but only to the extent of $17,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; for --
>
> (A)     wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B)     sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor;

(5)     Fifth, allowed unsecured claims for contributions to an
employee benefit plan –

(A)     arising from services rendered 180 days before the
date of the filing of the petition or the date of the cessation
of the debtor's business, whichever occurs first; but only –

(B)     or each such plan, to the extent of –

(i)     the number of employees covered by each
such plan multiplied by $17,150; less

(ii)    the aggregate amount paid to such
employees under paragraph (4) of
this subsection, plus the aggregate
amount paid by the estate on behalf
of such employees to any other
employee benefit plan.

24.     Supplementing the 11 U.S.C.§ 507(a)(4) wage/salary priority provisions, 11 U.S.C. § 507(a)(5) grants priority status to certain unpaid contributions to employee benefit plans arising from services rendered within 180 days before the filing of the Debtors' bankruptcy petitions.  Pursuant to this provision, priority is extended to the extent that, with respect to each benefit plan, the employees, in the aggregate, have not reached their $17,150 per employee wage/salary limit under 11 U.S.C. § 507(a)(4).  Given the priority status of employee claims, this Court should exercise its broad equitable powers under 11 U.S.C. § 105(a) to authorize the payment of the prepetition employee related obligations in the ordinary course of the Debtors' business.

25.     To the extent the Debtors seek to pay payroll taxes and Withheld Amounts, such amounts are earnings that a government, judicial authority, or the Employees themselves have designated for withholding and payment. These payments technically are not part of the Debtors' estates pursuant to 11 U.S.C. § 541(b) and authorizing Clintwood to pay such amounts will not harm or prejudice any of the Debtors' creditors.

7

26.     Bankruptcy courts have authorized payment of prepetition employee claims where nonpayment would hurt a debtor's ability to reorganize and to maximize value.  Payment of prepetition wages, benefits and taxes incurred in the ordinary course of business is routinely granted to facilitate ongoing going concern efforts.   See, e.g., *In re Lodestar Holdings, Inc.*, Case No. 01-50969 (Bankr. E.D. Ky., April 27, 2001); *In re Polycel Structural Foam, Inc.*, Case No. 00-52512 (Bankr. E.D. Ky., Dec. 14, 2000); *In re Quaker Coal Co.*, Case No. 00-51374 (Bankr. E.D. Ky., June 16, 2000); *In re Russell Cave Co., Inc.,* Case No. 99-50142 (Bankr. E.D. Ky., Jan. 26, 1999); *In re Chateaugay Corp.*, 80 B.R. 279, 287-88 (S.D. N.Y. 1987); *In re Structurlite Plastics Corp.*, 91 B.R. 813 (Bankr. S.D. Ohio 1988).  Here, failure by the Debtors to honor its prepetition obligations to the Employees during these cases would disrupt the Debtors' business and severely threaten the Debtors' ability to continue as a going concern.

**B.     Honoring of Prepetition Checks for Employees**

27.     Consistent with the relief requested herein, the Debtors respectfully request this Court to order Debtor Clintwood's banks to honor checks or ACH transfers for: (i)  the types of payments described above, including, but not limited to, all compensation and withheld amount checks for the April 3rd Payroll and (ii) all payments for prepetition employee wages, salaries and benefits, and all costs incident thereto, including payroll-related taxes and withheld amount checks that were issued prepetition for Debtor Clintwood's March 20, 2026 payroll.

28.     The Debtors seek expedited relief by this Motion because any delay in paying prepetition wages and compensation and related benefits will harm the Debtors' relationship with the Employees and impair their loyalty and morale.  The Employees will suffer undue hardship if these amounts are not paid and the stability of the Debtors will be threatened because they may seek other employment.

WHEREFORE, the Debtors respectfully request that the Court enter an Order authorizing and directing (a) Clintwood to: (1) pay prepetition employee wages, salaries and benefits; (2) pay all costs incident to the foregoing payments, including but not limited to payroll-related taxes; and (b) Clintwood's banks to honor checks or electronic/ACH transfers covering the above-described payments that have been issued, but that may not have been presented for payment, may not have yet cleared through the banking system, or may have been denied for whatever reason prior to the Petition Date

Respectfully submitted,

GARTLAND THACKER DELCOTTO PLLC

/s/ Heather M. Thacker
Dean A. Langdon, Esq.
Heather M. Thacker, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@gtdfirm.com
hthacker@gtdfirm.com
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION
(UNDER PENDING APPLICATION)