UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

CLINTWOOD JOD, LLC, *et al.*[1]

DEBTORS

CASE NO. 26-60438
CHAPTER 11

(JOINT ADMINISTRATION)

---

**DEBTORS' MOTION TO DISMISS**

---

Come Clintwood JOD, LLC and JOD Mineral Properties, LLC (the "Debtors"), by counsel, pursuant to 11 U.S.C. § 1112, FRBP 1017, and all other applicable law, and hereby move the Court for entry of an Order dismissing these cases. In support of their Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. On March 22, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Bankruptcy Cases") with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and filed motions requesting joint administration of their bankruptcy cases under the lead case of Clintwood JOD, LLC, which request was granted on March 27, 2026 [ECF No. 61].

2. Debtors operated their businesses as debtors and debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code until closing on a sale of substantially all of their assets on July 24, 2026.

3. This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors in these chapter 11 cases are Clintwood JOD, LLC and JOD Mineral Properties, LLC.

4. Debtors are Delaware limited liability companies which maintain their principal place of business and business assets in Pike County, Kentucky. Accordingly, venue for these Chapter 11 cases is proper in this District under 28 U.S.C. § 1408 and 1409.

5. An Unsecured Creditors' Committee was appointed in these cases on April 2, 2026 [ECF No. 94].

**BACKGROUND**

6. The Debtors commenced these bankruptcy cases to implement a value-maximizing transaction through the sale of all or substantially all of the Debtors' assets as a going concern. The Debtors' critical financial situation required them to seek immediate access to credit through DIP financing, in addition to using cash collateral, to enable the continuation of their estates for the benefit of all stakeholders until a going-concern sale of substantially all of the Debtors' assets could be completed. Ultimately, the Debtors obtained approval of a DIP loan from Square Resources US, LLC [ECF No. 235], which matured on July 24, 2026.

7. On May 15, 2026, the Debtors filed an expedited motion to, among other things, establish bid procedures and schedule an auction and sale hearing to sell substantially all of their assets (the "Sale") [ECF No. 245]. On May 22, 2026. this Court entered an Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (II) Approving Bidding Procedures and Notices for the Sale, (III) Authorizing the Debtors Entry into a Stalking Horse APA, (IV) Scheduling an Auction and Sale Hearing, and (V) Approving the Assumption and Assignment of Contracts and Leases [ECF No. 278] (the "Bidding Procedures Order").

8. Debtors also filed an Application for Order Authorizing the Retention and Appointment of BDO Consulting Group, LLC as Investment Banker and Financial Advisor for the Debtors [ECF No. 242], which was authorized pursuant to the terms of an Agreed Order with

the United States Trustee [ECF No. 287] on May 29, 2026. The Debtors, their counsel and BDO Consulting Group, LLC ("BDO") promptly established a data room, reached out to potential purchasers and facilitated site visits for potential purchasers. Potential purchasers sought additional time to conduct due diligence, and on June 10, 2026 the Debtors filed their Emergency Motion to Modify Bidding Procedures Order and Sale Timeline and Request to Shorten Notice of Hearing [ECF No. 302]. After a hearing, the Court entered an Order Modifying Bidding Procedures Order and Shortening Notice of Hearing (the "Modified Bid Procedures Order") [ECF No. 315] extending various deadlines in the Bidding Procedures Order.

9. Pursuant to the Modified Bid Procedures Order, on July 9, 2026 the Debtors filed their Notice of Rescheduling Auction [ECF No. 335], moving it from July 10th to July 13th. On July 13, 2026, Debtors commenced an Auction for the sale of Debtors' assets, which was continued to July 14, 2026 [ECF No. 337]. Upon conclusion of the Auction, Debtors filed a Final Report of Auction [ECF No. 340] in which it designated the credit bids of Caterpillar Financial Services Corporation, Community Trust Bank, Inc., Align Equipment Finance, LLC and Square Resources US, LLC as successful bids for the Debtors' equipment (the "Equipment Sales") and identified a going concern bid from CW Reclaim, LLC but elected not to seek approval of its bid pending ongoing negotiations. The Court approved the Equipment Sales by Order entered on July 24, 2026 [ECF No. 384].

10. After additional negotiation, on July 18, 2026 the Debtors filed a Notice of Prevailing Bid [ECF No. 362] requesting that the Court approve the improved going concern bid of CW Reclaim, LLC at a hearing to be held on July 21, 2026. After holding a continued Sale hearing on July 21, 2026, the going concern sale to CW Reclaim, LLC was approved by Order entered on July 23, 2026 [ECF No. 382].

11. The sale closed on July 24, 2026 (the "Closing") as reflected by the Report of Sale [ECF No. 394] filed by the Debtors.

12. Since the Closing, the Debtors have terminated substantially all employees[2] and are working to validate and calculate administrative claims, completing monthly operating reports and responding to multiple inquiries from creditors, regulators and others. Additionally, remaining staff has spent substantial time addressing questions and concerns of terminated employees. The Debtors do not expect to have any employees after early September. Purchaser has taken possession of the Debtors' operations and is in process of completing the permit transfers in conjunction with the Kentucky regulatory authorities pursuant to the terms of Sections 6.2 and 6.17 of the APA, including Purchaser's authority under the Power of Attorney.

## RELIEF REQUESTED

13. By this Motion, and pursuant to 11 U.S.C. § 1112, Debtors respectfully request entry of an order dismissing these cases as being in the best interests of creditors and the Estates under the facts herein. Debtors have consulted with the Official Committee of Unsecured Creditors, which also supports the relief sought.

## BASIS FOR RELIEF

### A. Cause for dismissal under 11 U.S.C. §1112(b)(4) exists and dismissal is in the best interests of creditors and the estates.

14. Section 1112(b) of the Bankruptcy Code provides … "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause …" unless certain exceptions apply. Here, Debtors believe that dismissal is in the best interests of the creditors and Debtors' Estates, and no exceptions apply.

15. Section 1112(b)(4) identifies sixteen potential grounds which constitute cause for dismissal. Cause for dismissal in these cases includes: a) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (§1112(b)(4)(A)); b) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court (§1112(b)(4)(J)); and c) inability to effectuate substantial consummation of a confirmed plan (§1112(b)(4)(M)).

16. These chapter 11 cases are administratively insolvent (although the DIP Loan was fully assumed by the purchaser), and virtually all assets have been sold. There is no reasonable likelihood of any successful plan or other rehabilitation. Exercising their business judgment, the Debtors do not believe that the benefits of a liquidating plan outweigh the expense and delay which would be involved in preparing and seeking confirmation of same. The sale proceeds have been partially distributed as shown in the Report of Sale filed herein and the Debtors are filing a proposed wind down budget detailing the proposed distribution for remaining funds on hand.

17. Included in the assets sold to CW Reclaim are "any and all rights, claims or causes of action of Seller against third parties, including, but not limited to, those relating to Acquired Assets and Business of Seller…." (APA, § 1.1(o)). This includes potential avoidance actions. There would be no realistic avenue for litigation recoveries upon conversion to Chapter 7, and any recoveries would be expected to go to unpaid chapter 11 administrative claimants, not reaching other lower-priority parties in interest. There are no known funds available to fund of the continuation of these cases in chapter 7, leaving a trustee and his or her counsel without a source of payment. Finally, 11 U.S.C. §1121(b) provides a debtor with 120 days after the order

---

[2] The Debtors have retained approximately 6 employees to provide information for creditors, prior employees, the purchaser, etc., and to comply with ongoing obligations related to the Bankruptcy Cases.

for relief in which to file plan. It has been over 120 days since the order for relief in this case and the Debtors have not filed a plan or disclosure statement.

18. There is no reasonable likelihood of rehabilitation of the Debtors and they are unable to effect substantial consummation of a confirmed plan. Debtors liquidated substantially all of their assets via closing on the Sale. The Debtors no longer have business operations and exist solely to wind down these cases.

19. For these reasons, Debtors believe that the cases should be dismissed, and the entities dissolved under appropriate state laws. Debtors are not aware of any objections to dismissal. Debtors believe this option is preferable to conversion and a potentially lengthy litigation process in chapter 7, which often ends up only paying chapter 7 professionals.

20. Debtors recognize that although cause for dismissal exists, 11 U.S.C. §1112(b)(1) and (2) establish exceptions which permit the denial of a request for dismissal. Neither are applicable here. First, the Court could determine that an appointment of a trustee or examiner would be in the best interests of creditors and the estate pursuant to 11 U.S.C. §1104(a). Grounds for appointment of a trustee or examiner do not exist (and have not been alleged) in these cases. Nor would the appointment of a trustee benefit creditors and the estate as it would simply increase administrative expenses and delays without any additional recovery for creditors.

21. Second, there are no unusual circumstances which preclude dismissal from being in the best interests of creditors and the estate. In order to prevail under this exception, a party in interest must establish there is a reasonable likelihood a plan will be confirmed and grounds for conversion rest on acts or omissions of a debtor (other than substantial or continuing loss or diminution of the estate) for which there is no reasonable justification AND that will be cured within a reasonable period of time. 11 U.S.C. §1112(b)(2)(B). This exception fails under both elements, but primarily because there is no reasonable likelihood that a plan will be confirmed in

this case. Accordingly, the Debtors submit that cause to dismiss these cases exists, dismissal is in the best interests of creditors and the estate, and any potential exceptions to dismissal are not present here.

**B. Debtors request the Court establish a deadline for final fee applications and terminate the employment of professionals for the Debtors and Committee in conjunction with dismissal.**

22. The Debtors request that the Court require professionals for the Debtor and Committee file final fee applications within fourteen days after the hearing on this Motion and terminate the engagement of professionals engaged by the Debtors and the Committee effective as of the completion of, and payment for, their work, and that said professionals shall have no further obligation under the Orders approving their employment.

**C. Prior Orders of the Bankruptcy Court should remain in full force and effect and binding upon the parties after dismissal.**

23. Section 349(b) of the Bankruptcy Code provides that dismissal of a bankruptcy case generally results in the revesting of property and vacating certain orders, judgments or transfers. However, the statute also permits a court to "order(s) otherwise" for cause. The facts of this case establish cause for this Court to include a provision in an order of dismissal that all orders previously entered be given full and continued effect, validity and enforceability after dismissal.

24. The Debtors secured postpetition financing in this case which was fully assumed pursuant to the terms of the sale of substantially all of the Debtors' assets. The sale was highly negotiated and court-approved. These transactions all need to be preserved for the benefit of the Debtors, creditors and other parties in interest. Other orders such as those permitting the use of cash collateral, authorizing de minimis sales and approving employment and professional fees accomplished multiple goals and have been relied upon by multiple parties in interest, including

the Debtors. Specifically, the Debtors request the Court include the following language in a dismissal order:

> Notwithstanding anything to the contrary, including 11 U.S.C. §349, all prior orders, releases, stipulations, settlements, rulings, orders, and judgment of this Court made during the course of the Bankruptcy Cases shall remain final and in full force and continued effect; shall remain valid and enforceable; shall be unaffected by the dismissal of the Bankruptcy Cases; and are specifically preserved for all preclusive purposes, including collateral estoppel and *res judicata.*

This Court has historically permitted orders to be given continued effect after dismissal. *In re Jay Bee Enters.,* 207 B.R. 536, 539 n.1 (Bankr. E.D. Ky. 1997) (providing plan and prior orders remain in effect and rights of debtor and creditors unaffected by dismissal). It should do so here.

**D. The pending adversary action should also be dismissed.**

25. Debtors are defendants in an adversary action styled *Joseph Barnett on behalf of himself and others similarly situated v. Clintwood JOD, LLC, et al.,* Adversary No. 26-6002 (the "WARN Act Case"), asserting claims under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2009 et. seq. The WARN Act Case seeks damages on behalf of terminated employees which, if awarded, would constitute priority unsecured claims. Upon information and belief, there has been some discovery in the WARN Act Case and the matter is currently scheduled for trial on November 18, 2026 [Adv. ECF No. 19].

26. The dismissal of the underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding. *Querner v. Querner (In re Querner),* 7 F.3d 1199, 1201-02 (5th Cir. 1993); *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris),* 950 F.2d 1531, 1533 (11th Cir. 1992); *Smith v. Commercial Banking Corp. (In re Smith),* 866 F.2d 576, 580 (3d Cir. 1989). Generally, the dismissal of a bankruptcy case results in the dismissal of adversary proceedings, but that rule is not without exceptions. *In re Smith*, 866

F.2d at 580. "The decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court...." *In re Morris*, 950 F.2d at 1534.

27. The Sixth Circuit Court of Appeals has only addressed the issue of retained jurisdiction after dismissal in a footnote. *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 364 n.2 (6th Cir. 1997). The court noted that an action under section 362(h) of the Bankruptcy Code for damages for a willful violation of automatic stay survives dismissal of the bankruptcy case. *Id.* The court also observed that the "dismissal of an underlying bankruptcy case does not automatically strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been dismissed." Id. (citing *Lawson v. Tilem (In re Lawson)*, 156 B.R. 43, 45 (B.A.P. 9th Cir. 1993); *Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir.1992); *In re Morris*, 950 F.2d at 1534; *In re Smith*, 866 F.2d at 580). Instead, the "exercise of such jurisdiction is left to the sound discretion of the trial court." *In re Javens*, 107 F.3d at 364 n.2. Courts determining whether to retain jurisdiction over an adversary proceeding consider the following factors: "judicial economy, convenience to the parties, fairness, and comity." *Porges v. Gruntal & Co., Inc. (In re Porges)*, 44 F.3d 159, 163 (2d Cir. 1995).

28. Analysis of the pertinent factors here supports dismissal of the WARN Act Case. This Court need not expend judicial resources on a case that would, at best, result in an unsecured priority claim. The parties have not been inconvenienced as limited discovery has taken place and trial preparation has not begun. If plaintiffs choose to pursue their claims, they would be free to do so after dismissal of the underlying Bankruptcy Cases, although the Debtors have no means by which any judgment could be addressed. Finally, comity is a neutral issue as the WARN Act Case asserts federal claims. In balance, there is no good reason for this Court to retain jurisdiction over the WARN Act Case and it should also be dismissed, without prejudice.

**E. The Court should grant limited exculpation for the primary parties engaged in prosecuting the Bankruptcy Cases.**

29. Limited exculpation for significant parties who successfully prosecuted these Bankruptcy Cases is appropriate under the facts and equities in these cases. The Debtors and their respective officers, employees and professionals who served during the Bankruptcy Cases, the Official Committee of Unsecured Creditors (the "Committee"), its members and professionals (collectively, the "Exculpated Parties") all worked diligently and cooperatively throughout the Bankruptcy Cases to expeditiously market and sell substantially all of the Debtors' assets in a fashion to maximize value for creditors, then to wind-down the Bankruptcy Cases. In consideration of those efforts, the Debtors request limited exculpation for the Exculpated Parties, as follows:

> The Debtors and their respective officers and employees who served during any portion of the Bankruptcy Cases, the Debtors' professionals retained in the Bankruptcy Cases, the Committee, its individual members and the Committees' professionals retained in the Bankruptcy Cases (the "Exculpated Parties) shall be exculpated from any liability for any act taken or omitted to be taken in good faith from the Petition Date through the entry of this order in connection with or related to these Bankruptcy Cases, including but not limited to the implementation of this Order (except an act contrary to its terms), except for any claim or cause of action arising from fraud, gross negligence or willful misconduct of such Exculpated Party.

30. Other courts have approved such relief in appropriate circumstances, and Debtors submit such relief is justified in these Bankruptcy Cases. *In re Great Atl. & Pac. Tea Co.*, No 15-23007 (RDD) 2021 Bankr. LEXIS 3368, at *51, 86-7 (Bankr. S.D.N.Y. May 13, 2021).

WHEREFORE, for the reasons set forth herein, Debtors respectfully request entry of an Order, pursuant to 11 U.S.C. § 1112 and all other applicable law, dismissing the Debtors' Chapter 11 Cases and granting the relief requested above.

**NOTICE**

Notice is hereby given that the foregoing Motion will come on for a hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, Second Floor Courtroom, 100 East Vine Street, Lexington, Kentucky 40507, on August 20, 2026 at the hour of 9:00 a.m., or as soon thereafter as the parties may be heard.

Respectfully submitted,

GARTLAND THACKER DELCOTTO PLLC

/s/ *Dean A. Langdon*
Dean A. Langdon, Esq. (KY Bar No. 40104)
Heather M. Thacker, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@gtdfirm.com
hthacker@gtdfirm.com
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

**CERTIFICATE OF SERVICE**

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by electronic mail or first-class U.S. mail, postage prepaid, on July 31, 2026, on the Combined Master Service List.

/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION