UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

CLINTWOOD JOD, LLC, *et al.*[1]

CASE NO. 26-60438
CHAPTER 11

DEBTORS IN POSSESSION

JOINTLY ADMINISTERED

---

**STATEMENT IN SUPPORT OF APPROVAL OF WIND DOWN BUDGET**

---

Clintwood JOD, LLC and JOD Mineral Properties, LLC, as debtors and debtors in possession (collectively, the "Debtors"), and submit the following statement in support of the Notice of Filing Amended Wind Down Budget and Opportunity to Object (the "Notice") [ECF No. 398]:

**JURISDICTION AND VENUE**

1. On March 22, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Bankruptcy Cases") with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and filed motions requesting joint administration of their bankruptcy cases under the lead case of Clintwood JOD, LLC, which request was granted on March 27, 2026 [ECF No. 61].

2. Debtors operated their businesses as debtors and debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code until closing on a sale of substantially all of their assets on July 24, 2026 [ECF No. 394].

3. This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors in these chapter 11 cases are Clintwood JOD, LLC and JOD Mineral Properties, LLC.

4. Debtors are Delaware limited liability companies which maintain their principal place of business and business assets in Pike County, Kentucky. Accordingly, venue for these Chapter 11 cases is proper in this District under 28 U.S.C. § 1408 and 1409.

5. An Unsecured Creditors' Committee was appointed in these cases on April 2, 2026 [ECF No. 94].

**BACKGROUND**

6. The Debtors commenced these bankruptcy cases to implement a value-maximizing transaction through the sale of all or substantially all of the Debtors' assets as a going concern. The Debtors' critical financial situation required them to seek immediate access to credit through DIP financing, in addition to using cash collateral, to enable the continuation of their estates for the benefit of all stakeholders until a going-concern sale of substantially all of the Debtors' assets could be completed. Ultimately, the Debtors obtained final approval for the use of cash collateral and for a DIP loan from Square Resources US, LLC (the "Final DIP Loan Order") [ECF No. 235]. The DIP Loan matured on July 24, 2026 and was assumed in conjunction with the sale of the Debtors' assets.

7. On May 22, 2026. this Court entered an Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (II) Approving Bidding Procedures and Notices for the Sale, (III) Authorizing the Debtors Entry into a Stalking Horse APA, (IV) Scheduling an Auction and Sale Hearing, and (V) Approving the Assumption and Assignment of Contracts and Leases [ECF No. 278] (the "Bidding Procedures Order"). Potential purchasers sought additional time to conduct due diligence, and on June 10, 2026 the Debtors filed their Emergency Motion to Modify Bidding Procedures Order and Sale Timeline and Request to Shorten Notice of Hearing [ECF No. 302].

After a hearing, the Court entered an Order Modifying Bidding Procedures Order and Shortening Notice of Hearing (the "Modified Bid Procedures Order") [ECF No. 315] extending various deadlines in the Bidding Procedures Order.

8. Pursuant to the Modified Bid Procedures Order, on July 9, 2026 the Debtors filed their Notice of Rescheduling Auction [ECF No. 335], moving it from July 10th to July 13th. On July 13, 2026, Debtors commenced an Auction for the sale of Debtors' assets, which was continued to July 14, 2026 [ECF No. 337]. Upon conclusion of the Auction, Debtors filed a Final Report of Auction [ECF No. 340] in which it designated the credit bids of Caterpillar Financial Services Corporation, Community Trust Bank, Inc., Align Equipment Finance, LLC and Square Resources US, LLC as successful bids for the Debtors' equipment (the "Equipment Sales") and identified a going concern bid from CW Reclaim, LLC but elected not to seek approval of its bid pending ongoing negotiations. The Court approved the Equipment Sales by Order entered on July 24, 2026 [ECF No. 384].

9. After additional negotiation, on July 18, 2026 the Debtors filed a Notice of Prevailing Bid [ECF No. 362] requesting that the Court approve the improved going concern bid of CW Reclaim, LLC at a hearing to be held on July 21, 2026. After holding a continued Sale hearing on July 21, 2026, the going concern sale to CW Reclaim, LLC was approved by Order entered on July 23, 2026 (the "Sale") [ECF No. 382]. The Sale closed on July 24, 2026 (the "Closing") as reflected by the Report of Sale [ECF No. 394] filed by the Debtors.

10. Since the Closing, the Debtors have terminated substantially all employees,[2] worked to validate and calculate administrative claims, complete monthly operating reports and respond to multiple inquiries from creditors, regulators and others. Additionally, remaining staff

---

[2] The Debtors have retained approximately 6 employees to provide information for creditors, prior employees, the purchaser, etc., and to comply with ongoing obligations related to the Bankruptcy Cases.

has spent substantial time addressing questions and concerns of terminated employees. The Debtors do not expect to have any employees after early September. Purchaser has taken possession of the Debtors' operations and is in process of completing the permit transfers in conjunction with the Kentucky regulatory authorities pursuant to the terms of Sections 6.2 and 6.17 of the APA, including Purchaser's authority under the Power of Attorney.

11. Pursuant to the Final DIP Loan Order, the Debtors have filed: a) a Notice of Filing of Final Budget Through Closing [ECF No. 368], b) a Notice of Filing Wind Down Budget and Opportunity to Object [ECF No. 395], and c) a Notice of Filing Amended Wind Down Budget and Opportunity to Object [ECF No. 398].[3] No objections were filed as of the filing of this Statement, although it has been represented that objections may be filed.

12. On July 31, 2026 the Debtors filed a Motion to Dismiss [ECF No. 396]. No objections to the Motion to Dismiss have been lodged as of the filing of this Statement.

**RELIEF REQUESTED**

13. Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 1108 and 28 U.S.C. § 959(b), Debtors respectfully request entry of an order overruling any and all objections to the Amended Wind Down Budget and authorizing the proposed disbursements as an exercise of the Debtors' business judgment in the ordinary course of their business.

14. Although the Debtors are winding down their affairs after closing on the Sale, their efforts fall within the scope of 11 U.S.C. § 1108, which authorizes the Debtors to operate their businesses. *In re St. Vincents Catholic Med. Ctrs.*, 429 B.R. 139, 151 (Bankr. S.D. N.Y. 2010), citing *In re Thrifty Liquors, Inc.,* 26 B.R. 26 (Bankr. D. Mass. 1982). In doing so, the

---

[3] Debtors have corrected an error in the royalty calculation for Kentucky Berwind Land Co., increasing the total due to $49,414.95. In turn, this increases the total royalties due for June to $249,457.44 and changes the proposed distribution percentage to 33%.

Debtors are required to "manage and operate the property…according to the requirements of the valid laws of the State in which such property is situated…". 28 U.S.C. § 959(b).

15. Accordingly, in preparing and revising the Wind Down Budget the Debtors determined that use of their remaining cash collateral needed to be prioritized to make sure they complied with applicable state (and federal) laws. Pursuant to K.R.S. § 376.150, .160 and .180 employees have a first-priority lien against the assets of a company, so the Debtors have paid wages, benefits and the associated state and federal taxes which arise from the payment of wages as these sums have become due. These payments are reflected in the "Forecast" column of the Wind Down Budget.

16. During the pendency of this case the Debtors have engaged in mining activities and have numerous obligations under both state and federal environmental laws with respect to mining activities and reclamation. These include items such as severance taxes, fines for violations, etc. The Wind Down Budget reflects payment in full for such expenses in the "Forecast" column.

17. The Debtors have also negotiated with certain administrative creditors to reduce the amount claimed due in an effort to maximize the distribution to administrative creditors who are not required to be paid in order to comply with applicable state and federal law. One such creditor is the Debtors' financial advisor/investment banker – BDO Consulting Group, LLC ("BDO"). Pursuant to the Agreed Order Authorizing the Retention and Appointment of BDO Consulting Group, LLC as Investment Banker and Financial Advisor for the Debtors Effective as of May 4, 2026 [ECF No. 287], BDO is entitled to a success fee of $400,000.00 from the Sale (subject to Court approval). BDO has agreed to accept $100,000.00 upon approval of the Wind Down Budget. The Debtors received an invoice in excess of $450,000.00 from their worker's

compensation carrier, Rockwood Casualty Insurance Company, but negotiated for a payment of $150,000.00 to satisfy its claim. The Debtors' efforts have resulted in a projected increase in the distribution to the remaining administrative claimants, from 30% to 33%. Compare ECF No. 395, p. 4 with ECF No. 398, Exh A.

18. Finally, the Debtors deem it appropriate to explain why approval of the Wind Down Budget is not required to conform to the decision in *Czyzewski v. Jevic Holding Corp*., 137 S.Ct. 973, 197 L.Ed. 2d 398 (2017). *Jevic* stands for the proposition that a distribution of assets in conjunction with a structured dismissal had to comply with the priority rules set forth in the Bankruptcy Code, absent creditor consent otherwise. However, the Debtors' proposed use of cash collateral is not a proposed distribution in connection with a structured dismissal (although the Debtors are seeking dismissal of their cases). The Debtors simply seek approval to use their cash collateral in the course of winding down their affairs in conjunction with the sale of substantially all of their assets, pursuant to 11 U.S.C. § 363. This distinction has been acknowledged and impliedly approved by at least one Circuit Court of Appeals in *Fulmer v. Fifth Third Equip. Co. (In re Veg Liquidation, Inc.),* 931 F.3d 730, 739 (8th Cir. 2019).

WHEREFORE, the Debtors respectfully request that any objections to the Amended Wind Down Budget be overruled and that the Court enter an Order approving the Amended Wind Down Budget as an authorized use of cash collateral.

Respectfully submitted,

GARTLAND THACKER DELCOTTO PLLC

/s/ *Dean A. Langdon*_____________________

Dean A. Langdon, Esq. KY Bar No. 40104
Heather M. Thacker, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@gtdfirm.com
hthacker@gtdfirm.com
COUNSEL FOR DEBTORS
AND DEBTOR IN POSSESSION

**CERTIFICATE OF SERVICE**

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by electronic mail or first-class U.S. mail, postage prepaid, on August 19, 2026 on the Combined Master Service List dated April 3, 2026.

/s/ *Dean A. Langdon,* Esq.__________________
COUNSEL FOR DEBTORS